# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JAMES ALSTON,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-18-2361 |
| **STATE OF MARYLAND, DEPARTMENT OF HEALTH,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

James Alston filed suit against his employer, the Maryland Department of Health (the "Department"), the Department's Division of Cost Accounting and Reimbursement ("DCAR"), supervisors in the Department, and Governor Larry Hogan, alleging that they discriminated against him on the basis of sex and sexual orientation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and a Maryland Executive Order, Md. Code Regs. 01.01.2007.09, by promoting a female instead of him on June 7, 2017 and again on June 14, 2018. Compl., ECF No. 1; Supp., ECF No. 1-1; Am. Compl, ECF No. 14. Pending is Defendants' Motion to Dismiss, ECF No. 16, which the parties fully briefed, ECF Nos. 16-1, 18, 19. A hearing is not necessary. *See* Loc. R. 105.6. Alston fails to state a claim against the supervisors in their individual capacities, and his claims against the individual Defendants in their official capacities are, in fact, claims against the State of Maryland. He also fails to state a claim for sexual orientation discrimination in violation of Title VII or for sex or sexual orientation discrimination in violation of Maryland Executive Order 01.01.2007.09. And, he has not exhausted his administrative remedies regarding Defendants' failure to promote him in June 2018. Accordingly,

the Motion to Dismiss is granted in part. The Motion is denied with regard to the claim against the State for sex discrimination in June 2017 in violation of Title VII.

## Background[1]

Alston began working for the Maryland Department of Health (the "Department") in 2005 and for the Department's Division of Cost Accounting and Reimbursement in June 2012. Am. Compl. ¶¶ 3–4.[2] He was promoted to Fiscal Accounts Technician II on February 3, 2014. Supp. ¶ 2. On April 28, 2017, he and one other applicant—a woman—applied for the position of Fiscal Accounts Technician Supervisor; the female applicant was selected for the position in June 2017. Am. Compl. ¶¶ 9, 14. Alston claims that he "was qualified [for the position] when juxtaposed to job announcement [sic], [his] job experience, and pre-interview evaluation." *Id.* ¶ 17. In contrast, the female applicant, according to Alston, "ha[d] been with the company for a shorter amount of time and embodied less knowledge and experience of the particular department." Supp. ¶ 3.

He filed a sex discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on September 17, 2017, Am. Compl. ¶ 21, and filed this suit after receiving a Notice of Right to Sue, Compl., ECF No. 1; Notice, ECF No. 1-2. Meanwhile, he had applied for another position for which a female applicant was selected instead of him on June 14, 2018. Supp. ¶ 4. Alston alleges that the Department's failure to promote him was discrimination on the basis of sex and sexual orientation, in violation of Title VII and Maryland Executive Order 01.01.2007.09. Am. Compl. ¶¶ 22–23.

---

[1] For purposes of resolving a motion to dismiss, the Court accepts the plaintiff's well-pleaded allegations as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

[2] The numbered paragraphs begin on page 7 of the Amended Complaint.

**Standard of Review**

Defendants move to dismiss pursuant to Rule 12(b)(6), under which Alston's pleadings are subject to dismissal if they "fail[ ] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a [claim] and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

While this Court is required to liberally construe documents that self-represented litigants file and hold them to a less stringent standard than those that attorneys draft, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 US. 97, 106 (1976), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Rather, the Court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted). Regardless whether a plaintiff is pro se, "legal conclusions or conclusory statements do not suffice." *Moore v. Jordan*, No. TDC-16-1741, 2017 WL 3671167, at *4 (D. Md. Aug. 23, 2017) (citing *Iqbal*, 556 U.S. at 678). I will, however, in the

interest of justice, *see* Fed. R. Civ. P. 1, consider the allegations from the Complaint and the Supplement Alston filed with his Complaint, as well as the Amended Complaint, insofar as Alston's original pleadings bolster his pending claims.

**Discussion**

**Individual Defendants**

In addition to the Department and DCAR, Alston names as defendants Deborah Brown-Demery, Fiscal Service Manager; Elizabeth Davis, Chief; Wayne Watts, Manager of Information Systems; and Jennifer McMahan, Director of the Office of Human Resources, in their official and individual capacities, as well as Governor Larry Hogan, in his official capacity. Am. Compl. 2–4.

"Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'" *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (citing *Lissau v. S. Food Serv., Inc.,* 159 F.3d 177, 180–81 (4th Cir. 1998)). An "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working date in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). While Title VII "does not define the term 'agent,'" it does "'foreclose individual liability,'" as the Fourth Circuit has "held that 'supervisors are not liable in their individual capacities for Title VII violations' because 'the language of Title VII and . . . its remedial scheme seems so plainly tied to employer, rather than individual, liability.'" *Dorsey v. Watson*, No. ADC-19-1278, 2019 WL 3306225, at *3 (D. Md. July 23, 2019) (quoting *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998)); *see also Ford v. Collington Life Care*, No. 18-3927-PX, 2019 WL 4168854, at *2 (D. Md. Sept. 3, 2019) (noting the "well-settled law" from *Lissau*).

4

Alston does not allege or argue that any of the individual defendants should qualify as employers, notwithstanding this case law. *See* Pl.'s Opp'n 9–10. Rather, he insists that, as supervisors, they may be liable in their individual capacities. *See id.* Yet, the case law he relies on in support of his position is the dissenting opinion from a 1995 Second Circuit case where the majority held that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1312 (2d Cir. 1995), *abrogated on other grounds, as recognized by Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999); *see id.* at 1318 ("Concurring in all but one aspect of our holding today, I write separately in dissent only as to the narrow issue of whether an employer's agent may be held individually liable for discriminatory acts under Title VII. I believe that the express language of the statute permits individual liability under Title VII and that sound jurisprudence counsels giving that statutory language its full effect.") (Parker, J., dissenting). Because the controlling case law does not allow for supervisors to be liable in their individual capacities on Title VII claims, Alston's claims against Brown-Demery, Davis, Watts, and McMahan in their individual capacities are dismissed. *See Lissau*, 159 F.3d at 180–81; *Ford*, 2019 WL 4168854, at *2; *Dorsey*, 2019 WL 3306225, at *3.

Additionally, "a suit against a state actor is tantamount to a suit against the state itself." *Jiggetts v. Spring Grove Hosp. Ctr.*, No. ELH-18-3243, 2019 WL 3067500, at *14 (D. Md. July 11, 2019) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). Stated differently, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.* (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Therefore, the claims against Brown-Demery, Davis, Watts, McMahan, and Hogan in their official capacities are dismissed as

well. *See Will*, 491 U.S. at 71; *Jiggetts*, 2019 WL 3067500, at *14. And, I construe Alston's claims against the Department and DCAR as claims against the State of Maryland. *See Will*, 491 U.S. at 71; *Jiggetts*, 2019 WL 3067500, at *14.

### Maryland Executive Order 01.01.2007.09

Alston claims that Defendants' alleged discriminatory conduct violates "Maryland Executive Order 01.01.2007.09." Am. Compl. ¶ 23. On August 22, 2007, before the conduct alleged in Alston's complaint occurred, Maryland Executive Order 01.01.2007.16 rescinded this Executive Order. *See* Md. Code Regs. 01.01.2007.16 (Code of Fair Employment Practices). Therefore, I construe Count Two to allege that Defendants violated the Executive Order in effect at the time of the alleged discrimination, Executive Order 01.01.2007.16. *See id.*; Fed. R. Civ. P. 1. Executive Order 01.01.2007.16 establishes an equal employment opportunity program in Maryland, proscribes various forms of discrimination and retaliation, outlines procedures for making, investigating, and resolving complaints, states relevant duties of department heads, and provides for "State Action," in the form of disciplinary action, for violations. *See* Md. Code Regs. 01.01.2007.16. It does not, however, create a private cause of action. "[A] cause of action is a set of facts which would justify judgment for the plaintiff under some recognized legal theory of relief." Paul Mark Sandler & James K. Archibald, *Pleading Causes of Action in Maryland* 2 (MICPEL 4th ed. 2008). In his claim for a violation of Executive Order 01.01.2007.09, Alston has not identified either a statutory or a common law theory of relief that this Court recognizes. Accordingly, his claim for discrimination in violation of "Maryland Executive Order 01.01.2007.09" is dismissed. *See id.*

## Sexual Orientation Discrimination

Alston originally claimed that he "was not promoted because of [his] sex (male) and perhaps sexual orientation." Supp. 7. His Amended Complaint similarly lists the basis of discrimination as "sex and/or sexual orientation," Am. Compl. 6, but Counts One and Two are labeled as "Sex Discrimination" alone, *id.* ¶¶ 22–23. Additionally, his allegations focus on sex without discussing sexual orientation, as his claim is that women were selected instead of him for the two promotions he sought. Alston does not allege his own sexual orientation or the sexual orientation of the women who were selected for the positions. Nor does he make any factual allegations from which this Court could "draw the reasonable inference" that Defendants are liable for discriminating based on Alston's sexual orientation. *See Iqbal*, 556 U.S. at 678. Further, Alston acknowledges that he did not identify sexual orientation as a basis for his EEOC claim and that he needs to file a new EEOC claim to exhaust his sexual orientation claim before filing suit on that basis. *See* Pl.'s Opp'n 8; *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (noting that federal litigant first must exhaust his administrative remedies for purposes of Title VII by filing a charge with the EEOC); *see Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), *abrogated on other grounds by Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1850–51 (2019) (exhaustion not jurisdictional). Accordingly, his sexual orientation claim, to the extent that he brought one, is dismissed without prejudice for failure to state a claim. *See Fort Bend Cty.*, 139 S. Ct. at 1850–51; *Iqbal*, 556 U.S. at 678; *Smith*, 202 F.3d at 247.

## Sex Discrimination in June 2018

Alston claims that Defendants' failure to promote him in June 2017 was discriminatory. Am. Compl. ¶ 22. In the Supplement he filed with his Complaint, he also alleges that a female applicant was selected instead of him in June 2018, after he applied for another position. Supp.

¶ 4. As best I can discern, he presents the events in June 2018 in support of his claim that the promotion of a woman instead of him in June 2017 was sex discrimination. In any event, he has not exhausted his administrative remedies for a discrimination claim based on the June 2018 events, as he filed an EEOC charge on September 17, 2017 and did not file another one after June 2018. *See* Am. Compl. 21; *Smith*, 202 F.3d at 247. Therefore insofar as he has brought a claim based on the June 2018 events, that claim is dismissed without prejudice. *See Fort Bend Cty.*, 139 S. Ct. at 1850–51; *Iqbal*, 556 U.S. at 678; *Smith*, 202 F.3d at 247; *see also* Pl.'s Opp'n 8 (acknowledging that he could being a "new filing with EEOC as an incident of discrimination . . . occurred again in the year 2018").

**Sex Discrimination in June 2017**

To state a claim of sex discrimination in violation of Title VII, Alston must allege "(1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) less favorable treatment than similarly situated employees outside the protected class." *Linton v. Johns Hopkins Univ. Applied Physics Lab., LLC,* No. JKB-10-276, 2011 WL 4549177, at *5 (D. Md. Sept. 28, 2011) (citing *White v. BFI Waste Servs.,* 375 F.3d 288, 295 (4th Cir. 2004)); *see also Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). And, more specifically, to state a claim for discrimination based on non-selection for a position, a plaintiff must allege that "(i) he belongs to a protected class, (ii) he applied and was qualified for a job for which the employer was seeking applicants, [and] (iii) despite his qualifications, he was rejected." *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 851 (4th Cir. 2001). He also must allege that either "(iv) after his rejection, the position remained open and the employer continued to seek applicants from persons of his qualifications," *id.*, or, if "the position sought was filled, . . . that someone outside of the plaintiff's protected group ultimately was selected for the position."

*Venable v. Pritzker*, No. GLR-13-1867, 2014 WL 2452705, at *13 (D. Md. May 30, 2014) (quoting *Langerman v. Thompson,* 155 F. Supp. 2d 490, 495 (D. Md. 2001)), *aff'd,* 610 Fed.Appx. 341 (4th Cir. 2015). Although a plaintiff in an employment discrimination case "is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, [f]actual allegations must be enough to raise a right to relief above the speculative level." *Coleman*, 626 F.3d at 190.

Alston alleges that he applied for a position for which he was qualified, and a less-qualified woman was selected instead of him in June 2017. Am. Compl. ¶¶ 9, 14, 17. Specifically, he claims that he "had nearly five years' experience in the various core areas of DCAR operations." Am. Compl. ¶ 9. He also claims that, when he was promoted to be a Fiscal Accounts Technician II in February 2014, the "position previously [had been] held by a female supervisor," and he "perform[ed] over 90% of the task[s] performed by the former supervisor." Supp. ¶ 2. Additionally, he alleges that a female applicant once again was selected over him when he applied for another position approximately one year later. Supp. ¶ 4. While far from robust, these allegations are sufficient to survive a motion to dismiss. *See Coleman*, 626 F.3d at 190; *Battle v. Burwell*, No. PWG-14-2250, 2016 WL 4993294, at *11 (D. Md. Sept. 19, 2016) ("Plaintiff's allegation that he was acting in this position [for which he applied], while the person selected was unqualified, is arguably sufficient. *See Wesley v. Arlington Cty.*, 354 F. App'x 775, 779–80 (4th Cir. 2009) (stating that the fact that plaintiff 'served as an acting captain on numerous occasions, apparently without incident, demonstrate[d] she could in fact perform the duties required of the position [of captain]')."). Defendants' Motion to Dismiss this claim against the State is denied. *See Coleman*, 626 F.3d at 190.

**Injunctive Relief**

Alston seeks compensatory and punitive damages, Am. Comp. 11, as well as "an injunction against practices of defendants which violate Title VII," *id.* at 7, ¶ 1. Defendants argue that "the injunctive relief that Mr. Alston seeks … is impermissibly broad in its sweep because it would contain actions and/or omissions unlike the alleged actions and/or omission charged in the complaint." Defs.' Mem. 13 (citing *Davis v. Richmond, Fredericksburg & Potomac R.R.*, 803 F.2d 1322, 1328 (4th Cir. 1986); *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 767 (4th Cir. 1998), *jmt. vacated and remanded on other grounds*, 527 U.S. 1031 (1999)).

> Title VII gives federal district courts broad authority to order injunctive relief when "the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice." 42 U.S.C. § 2000e–5(g). This authority extends to cases in which the intentional misconduct appears to have ceased. *United States v. Gregory,* 871 F.2d 1239, 1246 (4th Cir.1989) ( "District courts clearly have the authority and should exercise the power to grant injunctive relief even after apparent discontinuance of unlawful practices."). It also extends to relief that benefits persons other than the plaintiff. *Evans v. Harnett Cnty. Bd. Of Educ.,* 684 F.2d 304, 306 (4th Cir.1982) ("An injunction warranted by a finding of unlawful discrimination is not prohibited merely because it confers benefits upon individuals who were not plaintiffs or members of a formally certified class.").

*E.E.O.C. v. Conn-X, LLC*, No. L-09-2881, 2012 WL 456870, at *1 (D. Md. Feb. 9, 2012).

The injunction must be tailored to the Court's finding of discrimination. *See Davis v. Richmond, Fredericksburg & Potomac R.R.*, 803 F.2d 1322, 1328 (4th Cir. 1986); *Conn-X, LLC*, 2012 WL 456870, at *1. Thus, "a decree enjoining employment practices 'in the areas in which the court found discrimination' and imposing on the employer 'the duty to create nondiscriminatory working conditions' [is] an appropriate exercise of the district court's authority." *Conn-X, LLC*, 2012 WL 456870, at *1 (quoting *Brady v. Thurston Motor Lines*, 726 F.2d 136, 146–47 (4th Cir. 1984)). For example, "[t]he equitable relief ordinarily available in Title VII workplace harassment cases is an injunction prohibiting further harassment." *Id.* (quoting

*Amirmokri v. Baltimore Gas & Elec. Co.,* 60 F.3d 1126, 1132 (4th Cir. 1995)). And, in *Conn-X*, the Court found that the proposed language for an injunction, "that Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, is permanently enjoined from engaging in religious harassment and any other employment practice which discriminates on the basis of religion," while "broad," was nonetheless "a reasonable and appropriate way to remedy Conn–X's violation of Title VII as well as vindicate the public interest in preventing these kinds of unlawful practices in the future." *Id.* at *1–2. In contrast, in *Davis*, the Fourth Circuit concluded that the injunctive relief ordering the defendant to "refrain from 'committing further violations of Title VII'" was too broad because it "impermissibly subjects a defendant to contempt proceedings for conduct 'unlike and unrelated to the violation with which ... [it] was originally charged.'" 803 F.2d at 1328 (quoting *Nat'l Labor Relations Bd. v. Express Publishing Co.,* 312 U.S. 426 (1941)).

Here, as noted, Alston seeks to enjoin "practices of defendants which violate Title VII." Am. Compl. 7, ¶ 1. Insofar as he seeks to enjoin them from any conduct that violates Title VII, his requested relief is too broad. *See Davis*, 803 F.2d at 1328; *Conn-X, LLC*, 2012 WL 456870, at *1. But, insofar as he simply seeks to enjoin them from the conduct in which he claims they have engaged, in violation of Title VII, the requested relief is appropriate, provided he prevails in establishing his Title VII claim. *See Davis*, 803 F.2d at 1328; *Conn-X, LLC*, 2012 WL 456870, at *1.

## Conclusion

In sum, Defendants' Motion is granted as to all but one claim against the State of Maryland. Specifically, the claims against the individuals in their official capacities and the claims against the Department and DCAR are, in fact, claims against the State, and therefore Alston's claims

against the individual Defendants in their individual and official capacities are dismissed for failure to state a claim, and Alston's claim of sexual orientation discrimination in violation of Title VII and Alston's claim of sex discrimination in violation of Title VII, based on events in June 2018, are dismissed for failure to exhaust administrative remedies. Additionally, Count II, for discrimination in violation of Maryland Executive Order 01.01.2007.09, is dismissed for failure to state a claim. Given that Alston had the opportunity to amend after Defendants filed a pre-motion letter, identifying the deficiencies they perceived in his Complaint, such that another opportunity to amend would be futile, dismissal of the claims for failure to state a claim is with prejudice. *See* Pre-Mot. Ltr., ECF No. 7; Ltr. Order, ECF No. 11; *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal of the claims for failure to exhaust administrative remedies is without prejudice. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 82526 (D. Md. 2013).

The Motion is denied as to Plaintiff's claim in Count I for sex discrimination in violation of Title VII, based on events in June 2017. By October 21, 2019, Defendants shall file an answer regarding this one remaining claim.

## **ORDER**

Accordingly, it is this 17th day of September, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants' Motion to Dismiss, ECF No. 16, IS GRANTED IN PART AND DENIED IN PART;

2. Plaintiff's claims against the individual Defendants ARE DISMISSED;

3. Plaintiff's claim of sexual orientation discrimination in violation of Title VII IS DISMISSED;

4. Plaintiff's claim of sex discrimination in violation of Title VII, based on events in June 2018, IS DISMISSED

5. The Motion IS DENIED as to Plaintiff's claim in Count I of sex discrimination in violation of Title VII, based on events in June 2017;

6. The Motion IS GRANTED as to Count II;

7. By October 21, 2019, Defendants shall file an answer regarding the one remaining claim—sex discrimination in violation of Title VII based on Defendants' failure to promote Plaintiff in June 2017; and

8. The Clerk shall mail a copy of this Memorandum Opinion and Order to Plaintiff.

/S/
Paul W. Grimm
United States District Judge